UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DUSTY PHELPS, *et al.*,                    )
                                           )
        Plaintiffs,              )
                                           )
v.                                         )          No.:    3:20-CV-421-TAV-JEM
                                           )
SUMIRIKO TENNESSEE, INC.,                  )
                                           )
        Defendant.               )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the parties' Joint Motion to Approve Settlement [Doc. 95] in which the parties seek an order: (1) approving the parties' settlement of this Fair Labor Standards Act ("FLSA") collective action and awarding a service recognition payment to the Named Plaintiffs; (2) awarding attorneys' fees and expenses to Plaintiffs; (3) dismissing Chastity Rouse's claims without prejudice; and (4) dismissing all other Plaintiffs' claims with prejudice. The parties assert that the terms of their proposed settlement agreement (the "Settlement Agreement") are fair, adequate, and reasonable in light of all of the circumstances. For the reasons explained below, the Court will **GRANT** the joint motion [Doc. 95], **APPROVE** the FLSA settlement, **AWARD** a service-recognition payment to the Named Plaintiffs, **AWARD** attorneys' fees and costs to Plaintiffs, and **DISMISS** Plaintiffs' claims as detailed below.

I.      **Background**

Named Plaintiffs, Dusty Phelps and Miranda Evans, filed this lawsuit on September 24, 2020, alleging that Defendant SumiRiko Tennessee, Inc. ("SumiRiko") violated the

FLSA by failing to pay them for time worked off-the-clock during lunch periods and prior to and after their shifts, and asserted FLSA claims on behalf of themselves and other current and former SumiRiko employees [Doc. 1]. The parties represent that they reached the Settlement Agreement after participating in a mediation with mediator, Jesse Nelson, of the Nelson Law Group [Doc. 93] and engaging in good faith negotiations both during and after the mediation [Doc. 95, p. 2].

Under the terms of the Settlement Agreement, the total gross sum of $60,000 reflects the entire amount Defendant will pay. This total includes: (1) $18,476.25 for Plaintiffs who have settled (including a service-recognition payment in the amount of $5,000 to each of the Named Plaintiffs ($10,000 total)); and (2) $41,523.75 for attorneys' fees, litigation costs, expenses of Plaintiffs' counsel, and costs incurred in administering this settlement [Doc. 95-1, pp. 7–8]. Each settling Plaintiff will receive an amount that is based on his/her respective dates of employment with SumiRiko, a blended rate of pay based on SumiRiko's payroll records, and an assumption that he or she worked 5 minutes of off-the-clock work per workweek during the recovery period. Additionally, each Opt-In Plaintiff who participated in a deposition will receive $100 for their time in participating in the same [*Id.* at 7–8].

The parties assert that an award of $41,523.75 for attorneys' fees and costs is reasonable given the result obtained for the Plaintiffs, time expended by Plaintiffs' counsel, and the time yet to be expended administering the proposed settlement [Doc. 95, p. 12]. Plaintiffs' counsel avers that they have already spent 450 attorney hours litigating this

2

matter and compiled approximately $12,000 in expenses and costs, plus an anticipated additional $2,000 in costs and expenses associated with settlement administration [*Id.*]. Plaintiffs' counsel further asserts that they fronted all the costs of litigation and will pay the administrative costs out of any attorneys' fees received, which include costs for mailing notices and settlement checks, time spent finalizing the settlement agreement, and following up with Plaintiffs post-settlement. Lastly, the parties affirm they negotiated attorneys' fees separately from the specific back pay settlement amounts, and that, therefore, the attorneys' fees and costs will not infringe on the Plaintiffs' recovery [*Id.*].

## II. Standard of Review

The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The circumstance applicable here occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the proposed settlement, determines that it involves the resolution of a bona-fide dispute and is fair and reasonable, and enters it as a stipulated judgment. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5–6 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

An award of attorneys' fees and costs to Plaintiffs' counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th

3

Cir. 1993). The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* Two methods may be used, the percentage-of-the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case. *Id.* The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success. *Id.* Courts often also consider the following factors: "'(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.'" *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

## III.    Analysis

Given the facts and circumstances of this case, the Court finds that the proposed FLSA settlement will avoid costly and time-consuming litigation that would not be likely to result in significantly greater relief for Plaintiffs. The Court finds that a bona-fide dispute existed as to whether plaintiffs were properly compensated for work in which they were paid a weekly wage. In the negotiations that resulted in a settlement, all parties were represented by experienced and reputable counsel, and they have engaged in an arms' length negotiation to resolve this dispute. The Court has also considered the risk of fraud

4

of collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *See Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-cv-58, 2018 WL 3910999, at *2 (E.D. Tenn. July 30, 2019) (quoting *Edwards v. City of Mansfield*, No. 1:15-cv-959, 2016 WL 2853619, at *3 (N.D. Ohio May 16, 2016)). After reviewing the settlement agreement, the Court agrees that this is a fair resolution of the instant case that promotes judicial economy and the public interest. Accordingly, the Court concludes the settlement is a fair and reasonable compromise of a bona-fide dispute. The Court will also approve the service-recognition payments set forth in the Settlement Agreement as a fair reward for the Named Plaintiffs.

With respect to attorneys' fees, the Court finds that the parties' proposed award of attorneys' fees and payment of expenses are fair and reasonable under the lodestar method and the six factors listed in *Moulton*. Although the Court has considered the appropriateness of the award using both the lodestar and the percentage-of-fund methods, the Court finds that the lodestar method is most appropriate in this case, to ensure "that counsel [are] fairly compensated for the amount of work done as well as for the results achieved." *Rawlings,* 9 F.3d at 516. Plaintiffs provided adequate calculations demonstrating that the Settlement Agreement's allocation for attorneys' fees amounts to a reasonable estimate of the value of the attorneys' services [Doc. 95]. After considering all of the factors, the Court finds that an award of $41,523.75 in attorneys' fees and costs is reasonable and appropriate.

5

**IV.    Conclusion**

For the reasons explained above, the Court **GRANTS** the parties' joint motion for settlement approval [Doc. 95].  The Court hereby:

(1)    **APPROVES** the settlement of Plaintiffs' claims with Defendant, for $18,476.25 in compensatory damages for Plaintiffs who have settled and service-recognition payments for the Named Plaintiffs, to be allocated as set forth in the Settlement Agreement and as detailed in the accompanying order;

(2)    **AWARDS** reasonable attorneys' fees and costs to Plaintiffs' counsel in the amount of $41,523.75 to be paid as set forth in the Settlement Agreement and as detailed in the accompanying order;

(3)    **DISMISSES WITHOUT PREJUDICE** the claims of Chastity Rouse; and

(4)    **DISMISSES WITH PREJUDICE** the claims of all other Plaintiffs in this action.

An appropriate judgment will enter.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6